UNITED STATES OF AMERICA
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. |
| SARDINHA SAUSAGE, INC., | ) | |
| and | ) | 04 11797 GAO |
| EDWARD SARDINHA, | ) | |
| Defendants. | ) | |

**DECLARATION OF SCOTT C. SAFIAN**

DECLARATION OF SCOTT C. SAFIAN

I, SCOTT C. SAFIAN, make the following declaration in connection with a complaint by the government seeking to enforce and restrain and prevent violations of the Federal Meat Inspection Act and the Poultry Products Inspection Act. I am aware that this declaration will be filed with the United States District Court for the District of Massachusetts, and that it is the legal equivalent of a statement under oath. This declaration is based upon my personal knowledge, the files and records of the USDA, and upon facts made known to me in my capacity as an official of the USDA.

1. I am the Director of the Evaluation and Enforcement Division (EED), Office of Program Evaluation, Enforcement and Review (PEER), Food Safety and Inspection Service (FSIS), U.S. Department of Agriculture (USDA). I have been employed by the USDA since 1990, and have held my current position since October 1997. As Director, EED, I have program responsibility for case review, evaluation and disposition of FSIS criminal, civil, and formal administrative case actions for violations of the Federal Meat Inspection Act (FMIA), 21 U.S.C. 601 et seq., the Poultry Products Inspection Act (PPIA), 21 U.S.C. 451 et seq., and the Egg Products Inspection Act (EPIA), 21 U.S.C. 1031 et seq. I hold a Bachelor's degree from Stetson University, DeLand, Florida, and a Juris Doctor, from the University of Miami, Miami, Florida.

2. FSIS is the public health agency responsible for ensuring that the nation's commercial supply of meat, poultry and egg products is safe, wholesome, and correctly labeled and packaged. FSIS inspects, monitors and verifies the proper processing, handling, and labeling of meat and poultry products from the delivery of animals to the slaughterhouse until the products reach consumers.

3. FSIS conducts monitoring and verification activities at plants that slaughter food animals and process products to ensure that products at these establishments are produced in a sanitary environment and potential food safety hazards are identified and eliminated. These establishments must apply for and operate under a grant of federal inspection from FSIS and demonstrate the ability to meet requirements for producing safe, wholesome, and accurately labeled food products. Requirements include meeting sanitation, facility, and operational standards, and having preventative systems in place to ensure the production of safe and unadulterated food and that products are produced from animals that are not diseased.

4. Products from these federally inspected establishments are labeled with the official USDA mark of inspection, indicating that they have been inspected and passed by FSIS and can be sold in interstate commerce. All meat, meat food and poultry products intended for transportation, distribution or sale in commerce must be federally inspected or otherwise exempt from the inspection requirements of the Act. See FMIA 21 U.S.C. 610, PPIA 458.

5. FSIS uses investigators throughout the chain of distribution to perform reviews at firms engaged in the processing, distribution and marketing of meat, poultry and egg products, to detect, investigate and document any potential violations of the FSIS-administered statutes, and to control, detain and remove any potentially hazardous or unsafe products from consumer distribution channels.

6. Sardinha's Sausage, Inc., is in the business of preparing, freezing, packaging, labeling, selling and offering for sale and transportation meat, poultry and meat and poultry food products, including raw and ready-to-eat products, specifically including marinated pork, raw

marinated poultry, fully cooked pork chourico, fully cooked chicken chourico, fully cooked pork linguica, fully cooked turkey linguica, and fully cooked franks. This kind of business is required by the FMIA and PPIA to operate under Federal inspection. Sardinha's has operated under a grant of inspection from USDA, as establishment 17995/P-17995, under the authority of the FMIA and PPIA, and, when in operation, is subject to daily USDA inspection. Sardinha's first received a grant of inspection from USDA in March of 1991. Sardinha's offices and operations are located at 206 Brownell Street, Fall River, Massachusetts 02720.

7. On February 28, 2001, FSIS issued a Notice of Warning to Sardinha's Sausage Inc., to the attention of Mr. Edward Sardinha, President. This letter was issued after an investigation conducted by FSIS officials revealed that Sardinha's had violated the FMIA by purchasing and offering for sale nonfederally inspected meat products. Specifically, the investigation revealed that on or about February 9, 2001, Sardinha's purchased uninspected chourico meat pies and meat turnovers and subsequently offered the said products for sale to customers. In the notice of warning FSIS informed Mr. Sardinha that all meat and meat food products intended for transportation, distribution or sale in commerce must be federally inspected or otherwise exempt from the inspection requirements of the Act. In addition, Mr. Sardinha was advised that further violations could result in legal action and was urged to voluntarily comply with the FMIA and applicable statutes. See Attachment 1.

8. On February 25, 2002, FSIS issued another Notice of Warning to Sardinha's Sausage Inc., to the attention of Mr. Edward Sardinha, President. This letter was issued after an investigation conducted by FSIS officials revealed that Sardinha's had again violated the PPIA

this time by providing customers with labels bearing the marks of Federal inspection to be applied at their retail stores. Specifically, the investigation revealed that on or about October 3, 2001, Sardinha's supplied labels bearing the official marks of poultry inspection that were used by customers. In the notice of warning FSIS informed Mr. Sardinha that labeling material for use away from an official plant should not be printed with the official mark of inspection. In addition, Mr. Sardinha was again advised that further violations could result in legal action and was urged to voluntarily comply with the PPIA and applicable statutes. See Attachment 2.

9. On April 15, 2004, FSIS suspended inspection operations at Sardinha. This action was based on repetitive documented food safety and sanitation issues, which included repetitive noncompliance with the Agency's Sanitation Standard Operation Procedures, Sanitation Performance Standards, Hazard Analysis and Critical Control Point and *Listeria monocytogenes* requirements. See Attachment 3.

10. On May 26, 2004, in the regular course of business, I received a Report of Apparent Violation, Case No. PA-1-0675, involving Sardinha's Sausage, Inc., from Mr. Larry Hortert, OPEER, CID Regional Manager, Northeastern Region with a recommendation for referral to the Department of Justice thru the USDA, Office of the General Counsel for criminal action. The report revealed that Sardinha's had violated the Federal Meat Inspection Act (21 U.S.C. 610) by preparing, offering for transportation, and selling marinated pork chourico meat produced without the benefit of Federal inspection. The report also revealed that Sardinha's misrepresented said product as federally inspected and passed by applying the marks of inspection while the assignment of inspectors was suspended from the firm because of an FSIS

4

Administrative Enforcement Action.

11. This report which was a culmination of evidence obtained from several FSIS field investigators including Enforcement Investigation Analysis Officer, Sandra Frey, Program Investigator, Jay Clifford, Front Line Supervisor, Thomas Garvey, Program Investigator, Robert Coyne and Supervisory Program Investigator, Charles Geraci. The report included memorandums of interview from Mr. Edward Sardinha, owner of Sardinha's Sausage, Inc. and Mr. Frank Cuoto, production manager of Sardinha's and signed statements from several retail store meat managers. Specifically, the report revealed that on or about May 4, 7 and 10, 2004, and other dates Sardinha's produced meat products while under a suspension and misrepresented the uninspected meat product as being federally inspected and passed. Sardinha subsequently offered the uninspected products for sale and distribution to various Shaw's Supermarket stores located in the States of Rhode Island and Massachusetts.

12. On or about May 4, 2004, Sardinha's delivered approximately 126 pounds of marinated pork chourico meat produced without the benefit of Federal inspection and misrepresented as federally inspected and passed to Shaw's Supermarket #112, Fall River, Massachusetts under invoice number 21572, dated May 3, 2004. In an interview conducted by FSIS field investigators on May 13, 2004, Mr. Dave Studholme, Meat Manager stated that his firm would preorder marinated pork chourico Meat from Sardinha's on a weekly basis and that product was received with pressure sensitive convenience insert labels bearing the marks of Federal inspection, Est. 17995. See Attachment 4.

13. On or about May 4, 2004, Sardinha's delivered approximately 32 pounds of marinated pork chourico meat produced without the benefit of Federal inspection and misrepresented as federally inspected and passed to Shaw's Supermarket #130, Dartmouth, Massachusetts under invoice number 21595, dated May 3, 2004. In an interview conducted by FSIS field investigators on May 13, 2004, Mr. Joseph Ferreira, Store Manager, and Steve Matais, Meat Manager stated that the firm would preorder marinated pork chourico meat from Sardinha's on a weekly basis and that product was received with pressure sensitive convenience insert labels bearing the marks of Federal inspection, Est. 17995. See Attachment 5.

14. On or about May 7, 2004, Sardinha's delivered approximately 32 pounds of marinated pork chourico meat produced without the benefit of Federal inspection and misrepresented as federally inspected and passed to Shaw's Supermarket #192, Middletown, Rhode Island under invoice number 21617, dated May 6, 2004. In an interview conducted by FSIS field investigators on May 15, 2004, Mr. Mark Snelgrove, Assistant Meat Manager, stated that Sardinha's company employees would telephone Shaw's on a weekly basis and take purchase orders from the meat manager. See Attachment 6.

15. I am aware that as result of these finding FSIS officials conducted a review on May 10, 2004, to determine if Sardinha's in fact was producing meat and/or poultry products and applying the marks of USDA inspection while under suspension. During this review FSIS officials observed approximately 210 pounds of marinated pork chourico meat consisting of seven, thirty-pound (30) cases, located in the packing room of Sardinha's, Fall River, Massachusetts. The product was produced without the benefit of federal inspection, but bore full

6

labeling to include the marks of Federal inspection of Sardinha's (Establishment # 17995). Furthermore, in an interview Mr. Frank Couto, Production Manager of Sardinha's, acknowledged that Sardinha's had produced marinated chourico pork meat while the plant was under suspension, and packed the products in shipping containers that bore the mark of Federal inspection. See Attachment 7.

16. On May 17, 2004, FSIS officials met with Mr. Edward Sardinha, President, Sardinha's who acknowledged that Sardinha's prepared, offered for transportation, and sold approximately 544 pounds of marinated pork chourico meat that bore the marks of Federal inspection when in fact the product was produced without the benefit of Federal inspection and while under suspension. Mr. Sardinha also acknowledged that although he was notified on April 15, 2004, by the Albany District Office that FSIS withheld the marks of Federal inspection for all operations, he instructed his employees to continue to prepare, label, and distribute the meat products in commerce while under suspension of inspection service. A statement was prepared on May 19, 2004, regarding these violations and although Mr. Sardinha acknowledged to the violations he refused to sign it. See Attachment 8.

17. On May 18, 2004,, I issued a Notice of Alleged Violation letter advising Mr. Sardinha that information gathered by FSIS field investigators alleged that Sardinha's had produced, labeled and distributed food products, while his inspection services were suspended, in violation of the Acts. The letter informed Mr. Sardinha that the investigative information was being reviewed by FSIS for consideration of initiation of criminal and/or civil proceedings and, in accordance with agency policy, FSIS was providing him with an opportunity to present views

or information for consideration on the matter. The letter also advised that in light of the Agency's public health concerns FSIS intended to file a complaint to withdraw the firm's grant of Federal inspection service. The withdrawal of inspection would preclude Sardinha from legally producing, marking and distributing meat and poultry products as inspected and passed under the FMIA and PPIA. See Attachment 9.

18. Despite receiving such notice of alleged violation, I received additional reports and information revealing that Sardinha's continued to violate the FMIA by preparing, selling and offering for sale, transportation and misrepresenting products as Federally inspected and passed. Information gathered by FSIS field investigators found that on several occasions in June of 2004, Sardinha's sold approximately 1,554 pounds of chicken chourico sausage that bore the marks of Federal inspection for Establishment 17995 when in fact the plant was under a suspension. The said product was sold to Trader Joe's East, Inc., Needham, Massachusetts under invoices number 20756 and 26001. Specifically, on June 14, and 18, 2004, Sardinha's, sold approximately sixty (60) cases (719.86 pounds) and seventy (70) cases (834.40 pounds) of chicken chourico sausage produced without the benefit of Federal inspection and misrepresented as federally inspected and passed to Trader Joe's East, Inc., Needham, Massachusetts under invoices number 20756 (undated) and 26001, dated June 18, 2004. The product was delivered for storage to P&O Cold Logistics 455 John Hancock Road Taunton, MA 02780 a warehouse distribution facility. In an interview conducted by FSIS field investigators on July 7, 2004, Mr. Steven C. Hamilton, Category Leader for Snacks, Deli and Dairy at Trader Joe's East, Inc., stated that the chicken chourico product had been received from Sardinha's on a monthly basis for the past seven years.

See Attachment 10.

19. Sardinha's Sausage Inc., and Mr. Edward Sardinha, as of date have engaged in practices that the FMIA and PPIA were enacted to prevent. The purpose of the Acts and USDA's mission is to protect the health, welfare and safety of the consuming public and FSIS inspection and verification activities are essential to ensure and protect the public health. FSIS views the type of violations by Sardinha's as serious in nature, particularly given the failure to voluntarily comply after receiving written notices of warning. Sardinha's has demonstrated a lack of regard for the health and welfare of the consuming public, the agency's inspection authorities and requirements and that it has no intention to comply with the Acts. I am aware that Mr. Sardinha admitted, in his response to the formal complaint to withdraw inspection, to preparing fresh marinated pork chourico meat while his firm was under suspension. Based on the extensive and repeated history of noncompliance and the potential harm to the public, as well as repetitive instances of preparing and selling meat products prepared without the benefit of Federal inspection and representing these products as federally inspected by applying the marks of inspection, FSIS believes that, absent an injunction, Sardinha's will continue to violate the FMIA and the PPIA, and the public interest will be in jeopardy.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, on this 2nd day of August 2004.


*[signature: Scott C. Safian]*

SCOTT C. SAFIAN, DIRECTOR
EVALUATION AND ENFORCEMENT DIVISION
OFFICE OF PROGRAM EVALUATION,
ENFORCEMENT AND REVIEW
FOOD SAFETY AND INSPECTION SERVICE