UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 NOV 10 A 8:48

DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff           )
                                )
    v.                          )   Civil No. 04-11797-GAO
                                )
SARDINHA SAUSAGE, INC., and     )
MR. EDWARD SARDINHA,            )
                                )
                                )
            Defendants          )
                                )

## CONSENT DECREE

The parties hereby stipulate and agree to a settlement of this action as follows:

(1) The Plaintiff United States of America, on behalf of the United States Department of Agriculture ("USDA"), brought this action to enjoin the Defendants from directly or indirectly transporting, selling, offering for sale or transportation, or receiving for transportation in commerce, meat, poultry, and meat and poultry food products required to be inspected and passed by the USDA, unless such products are produced under USDA inspection and in accordance with the applicable laws and regulations or are validly produced under the retail exemption provisions of the Poultry Products Inspection Act (hereafter, PPIA) and the Federal Meat Inspection Act (hereafter, FMIA), respectively 21 U.S.C. §§ 464(a) and 661(c)(2) and the implementing regulations at

1

9 C.F.R. Parts 303.1 et seq. and 381.10; and to enjoin the Defendants from directly or indirectly applying marks or in any way indicating that meat and/or poultry products have been inspected and passed by the USDA, when such products are required to be inspected and passed by the USDA, unless such products are produced under Federal inspection and in accordance with the applicable laws and regulations. The Plaintiff seeks to enjoin the same conduct by the Defendants' employees, agents, representatives, successors and assigns, and any and all persons in active concert or participation with any or all of them.

(2) The Defendants, their officers, employees, agents, representatives, successors and assigns, and any and all persons in active concert or participation with any or all of them, are enjoined from directly or indirectly transporting, selling, offering for sale or transportation, or receiving for transportation in commerce, meat, poultry, and meat and poultry food products required to be inspected and passed by the USDA, unless such products are produced under USDA inspection and in accordance with the applicable laws and regulations or are validly produced under the retail exemption provisions of the PPIA and FMIA, respectively 21 U.S.C. §§ 464(a) and 661(c)(2) and the regulations at 9 C.F.R. Parts 303.1 et seq. and 381.10;

(3) The Defendants, their officers, employees, agents, representatives, successors and assigns, and any and all persons in active concert or participation with any or all of them, are enjoined from directly or indirectly applying marks or in any way indicating that meat and/or poultry products have been inspected and passed by the

2

USDA, when such products are required to be inspected and passed by the USDA, unless such products are produced under Federal inspection and in accordance with the applicable laws and regulations; and

(4) The Defendants are enjoined from violating any section of the FMIA and the PPIA cited in the Complaint in this action, as well as the applicable regulations promulgated thereunder.

(5) The Defendants shall give a copy of this consent order to each of their officers, supervisory employees, agents, representatives, successors and assigns within five days of receiving the Consent Decree as approved by this Court.

(6) The Defendants shall pay a stipulated penalty of five hundred dollars ($500.00) for each and every violation of paragraph 3, 4, or 5, above, occurring after the date of entry of this Consent Decree. Each packaged product transported, sold, offered for sale or transportation, or received for transportation in commerce in violation of paragraph 3, 4, or 5, above, shall constitute a separate violation. The stipulated penalty required under this paragraph shall be in addition to any other remedy the Court may impose for a violation of this Consent Decree.

(7) This Consent Decree does not limit any rights or remedies available to the United States for any violation of the FMIA or the PPIA, and associated regulations, including any rights or remedies available to the United States for any criminal violations.

(8) The parties agree that each party shall bear its own fees and other

expenses, including attorney's fees, incurred by such party in connection with any stage of this proceeding, except that Defendants shall be responsible for all reasonable expenses incurred by the United States in collecting any outstanding penalties for violations of this Consent Decree and in enforcing the requirements of this Consent Decree.

(9) The Court shall retain jurisdiction to enforce the terms and conditions of this Consent Decree and to resolve disputes arising hereunder as may be necessary or appropriate for the construction or execution of this Consent Decree and to assess any stipulated penalties that may have accrued during the term of the Consent Decree.

SO ORDERED, On This 20th Day of ~~October~~ December 2004.

_____
George A. O'Toole, Jr.
UNITED STATES DISTRICT COURT JUDGE

Agreed to by the Parties:

MICHAEL J. SULLIVAN
United States Attorney

DATED: Nov. 8, 2004

_____
ANITA JOHNSON
Assistant U.S. Attorney
Moakley U.S. Courthouse, Ste. 9200
Boston, MA 02110
617-748-3266

DATED: 10/25/04

_____
Edward Sardinha, individually and on behalf of
Sardinha Sausage, Inc.
206 Brownell Street
Fall River, Mass 02720.

4